IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. GONZALEZ, | No. C 11-5561 CW (PR) |
| Plaintiff, | ORDER OF SERVICE; DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| CHIEF MEDICAL OFFICER DR. BILL ZIKA, DR. GARBARINO, | |
| Defendants. | |

INTRODUCTION

Plaintiff, a state prisoner incarcerated at the Correctional Training Facility (CTF) in Soledad, California, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious mental health needs. His motion for leave to proceed in forma pauperis has been granted.

In his complaint, Plaintiff names as Defendants CTF Chief Medical Officer Dr. Bill Zika and CTF psychologist Dr. Garbarino. Plaintiff seeks monetary damages and injunctive relief. He also has filed a motion for a preliminary injunction.

DISCUSSION

I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff alleges as follows: Plaintiff, who is a convicted sex offender, has been diagnosed as suffering from post-traumatic stress disorder (PTSD) and severe panic attacks as a result of his having been attacked by another inmate and his fear of being attacked again. He was prescribed medication and therapy to help with his condition but, when his symptoms continued to worsen, his prison psychologist asked other prison medical practitioners to assess whether continuing to house him in a double cell posed a serious threat to his mental health.

Following a recommendation to custody staff, Plaintiff was housed in a single cell for a number of months. Since then, however, Dr. Zika and Dr. Garbarino have refused to recommend that Plaintiff be single-celled. Plaintiff maintains that the only reason for their refusal is the pressure they have received from custody staff to limit recommendations for single-cell status for mentally ill inmates in order to preserve cell spaces, and that they are acting with deliberate indifference by failing to attend

2

adequately to his serious medical health needs.

Plaintiff's allegations, when liberally construed, state a cognizable claim for deliberate indifference to his serious medical needs, which include serious mental health needs, in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

Plaintiff also seeks immediate injunctive relief to order Defendants to house him in a single cell. Prior to granting a preliminary injunction, however, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). Accordingly, the Court will not rule on Plaintiff's motion for a preliminary injunction until Defendants have responded to the motion, as directed below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to CTF Chief Medical Officer Dr. Bill Zika and CTF Psychologist Dr. Garbarino. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules

3

of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty days</u> from the date on which the request for waiver was sent or <u>twenty days</u> from the date the waiver form is filed, whichever is later.

    3. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

        a. No later than <u>ninety days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects

4

to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of

Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. Defendants shall file a reply brief no later than <u>thirty days</u> after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. The Court further orders as follows:

    a. On the same date their answer is due, Defendants shall respond to the motion for preliminary injunction. The response to the motion for preliminary injunction shall be supported by adequate factual documentation and shall conform in all respects to the Federal Rules of Civil Procedure, and all papers filed with the Court shall be served on Plaintiff.

    b. Plaintiff may file a reply within <u>fourteen days</u> of the date Defendants' response is filed.

5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose

Plaintiff and any other necessary witnesses confined in prison.

6. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 4/12/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE