IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. GONZALEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CHIEF MEDICAL OFFICER DR. BILL ZIKA, DR. GARBARINO,<br><br>    Defendants.<br>_____/ | No. C 11-5561 CW (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>Doc. nos. 70 and 72 |

Plaintiff, a state prisoner incarcerated at the Correctional Training Facility (CTF) in Soledad, California, filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious mental health needs.  On September 26, 2012, the Court issued an Order Granting in Part Plaintiff's Motion for Preliminary Injunction.  Doc. no. 24.  **On** December 27, 2012, the Court issued an Order Granting Plaintiff's Motion to Renew Preliminary Injunction.  Doc. no. 40.  On August 27, 2013, the Court issued an Order Granting Defendants' Motion for Summary Judgment, Denying Plaintiff's Cross-Motion for Summary Judgment and Denying Plaintiff's Request to Renew Preliminary Injunction.  Doc. no. 66.  On the same day, judgment was entered in favor of Defendants and against Plaintiff.  Doc. no. 67.  On September 4, 2013, Plaintiff filed a notice of appeal of the August

27, 2013 Order Denying Plaintiff's Request to Renew Preliminary Injunction. Doc. no. 68.

On September 9, 2013, Plaintiff filed the instant motion for relief from judgment under Federal Rule of Civil Procedure 59(e) and, on September 25, 2013, he filed a motion for a temporary restraining order to require Defendants to recommend single-cell status for him until the Court renders its decision on his Rule 59(e) motion. Also, on September 25, 2013, Plaintiff filed a notice of appeal of the Court's Order Granting Defendants' Motion for Summary Judgment. Defendants have filed an opposition to Plaintiff's Rule 59 motion for relief from judgment.

DISCUSSION

I. Jurisdiction

Once a notice of appeal is filed, the district court loses jurisdiction over the action. See Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004); Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir. 1992) (en banc). However, if a party files in the district court a timely motion to alter or amend the judgment under Rule 59, the time to file an appeal runs from the entry of the order disposing of that motion. Miller v. Marriott Int'l, Inc., 300 F.3d 1061, 1063 (9th Cir. 2002) (citing Federal Rule of Appellate Procedure 4(a)(v)).

Plaintiff's Rule 59 motion was timely filed. Because the Rule 59 motion was filed before Plaintiff filed his notice of appeal of the summary judgment order, this Court has jurisdiction to consider the Rule 59 motion.

II. Rule 59 Motion

In his Rule 59 motion, Plaintiff seeks relief from the Court's

2

Order denying his cross-motion for summary judgment and his second motion to renew preliminary injunction and granting Defendants' motion for summary judgment.

A motion for relief from judgment under Rule 59(e) should be granted when the district court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." In re Syncor ERISA Litigation, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).

Plaintiff argues that "newly discovered evidence" requires the Court to reconsider its Order. This evidence is that, although, in the December 27, 2012 Order Granting Plaintiff's Motion to Renew Preliminary Injunction, the Court ordered Defendants to recommend that Plaintiff be placed on single-cell status for ninety days, Defendants exceeded this order and, on January 3, 2013, recommended that Plaintiff be placed on single-cell status for 180 days. According to Plaintiff, this shows that Defendants' last treatment plan for Plaintiff was single-cell status, which contradicts their declarations in support of their motion for summary judgment, that Plaintiff's mental condition did not justify single-cell status. Plaintiff argues this evidence raises a material dispute of fact regarding his diagnosis and treatment plan sufficient to withstand Defendants' motion for summary judgment.

Plaintiff's motion fails for two reasons. First, his purported "new" evidence is not new. The briefing on the motion and cross-motion for summary judgment was not complete until February 2013 and the briefing on Plaintiff's second motion to renew preliminary injunction, filed on June 21, 2013, was not

3

complete until August 2013. Thus, briefing on these motions took place after Defendants' January 3, 2013 recommendation for Plaintiff's 180-day single-cell status. Plaintiff could have submitted this evidence with his pleadings, but he did not. Because Plaintiff's evidence is not newly discovered, it does not meet the first requirement for relief from judgment.

Second, Plaintiff's conclusion that Defendants' January 3, 2013 recommendation constitutes their treatment plan for him is unsupported by any evidence and is belied by the document he attaches as Exhibit A to his motion. Exhibit A is the January 3, 2013 Mental Health Interdisciplinary Team Housing Program Recommendation on which Defendants state, "Against the clinical opinion of MH staff, in accordance with Court order, it is recommended that inmate Gonzalez continue on single cell housing for six months." See Ex. A. This shows that, regardless of the amount of time Defendants recommended that Plaintiff be placed on single-cell status, they made this recommendation only because the Court ordered them to do so; they specifically state that placing Plaintiff on single-cell status was against the opinion of the Mental Health staff.

Thus, the evidence Plaintiff submits does not raise a material dispute of fact regarding Defendants' diagnosis and treatment plan for him.

Plaintiff also argues that the Court should reconsider the denial of his motion for a renewed preliminary injunction because, in its analysis, it did not address the four elements required to support a preliminary injunction. Plaintiff acknowledges that one of the requirements of a preliminary injunction is that the moving

4

party must show that he is likely to prevail on the merits. In the Court's twenty-five page Order on the parties' motions, it carefully considered all of the evidence submitted and found that Plaintiff had failed to raise a genuine issue of material fact with respect to whether Defendants acted with deliberate indifference to his serious mental health needs. Thus, summary judgment was granted in favor of Defendants. Because Plaintiff did not prevail on the merits, he could not meet the requirement for a preliminary injunction that he was likely to prevail on the merits. Therefore, there was no need for the Court to address the other three requirements of a preliminary injunction.

Based on the above, Plaintiff has not met any of the requirements for granting relief under Rule 59(e) and, accordingly, his Rule 59(e) motion is DENIED. Because Plaintiff's Rule 59 motion is denied, his motion for a TRO is denied as well.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions are DENIED. This Order terminates docket numbers 70 and 72.

IT IS SO ORDERED.

DATED: 10/9/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE